UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **ATTORNEY AFFIRMATION** |
| v. | : | |
| JENNIFER ROWE, | : | 07 Cr. 771 (PAC) |
| Defendant. | : | |

------------------------------------------------------x

      I, Fiona Doherty, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

      1.    I am an Assistant Federal Defender with the Federal Defenders of New York. I have been appointed by the Court to represent JENNIFER ROWE in this action. I make this affirmation in support of a motion to suppress Ms. Rowe's post-arrest statements, which were made on September 20, 2007.

      2.    The statements contained in this affirmation are based upon my review of the Indictment and other documents provided by the Government in discovery, as well as on Ms. Rowe's December 18, 2007 affirmation in support of this motion.

      3.    On September 20, 2007, Ms. Rowe was arrested by agents from Immigration and Customs Enforcement ("ICE") at her residence in Mount Vernon, New York. Following her arrest, Ms. Rowe was questioned by the agents, who prepared a report of the statements that Ms. Rowe allegedly made during that interview. (A copy of the ICE report is attached as Exhibit A.)

      4.    According to the ICE report, Ms. Rowe was questioned by the agents only after she was brought to 26 Federal Plaza in Manhattan for processing. See Exhibit A at 2. Once at 26 Federal Plaza, Ms. Rowe was read her rights and voluntarily agreed to waive those rights. Id.

She reportedly "agreed to speak to agents about her recent conversations with SECK and her involvement in the visa fraud scheme." Id.

6. According to the ICE report, Ms. Rowe then made a number of statements while she was still in custody at 26 Federal Plaza. Id. In particular, the report claims that she told the agents about two telephone calls that she had with Mr. Seck, one in 2006 and one in 2007. Id. She also allegedly said, among other matters, that she had cashed at least five money orders related to the case and had given the money to Mr. Seck and an individual named Zongo. Id. She also reportedly told the agents that she had learned of the LULAC program from a woman at a realtor's office. Id.

6. At that point, according to the ICE report, the questioning stopped and the agents transferred Ms. Rowe to New York Downtown Hospital. Id. Ms. Rowe was transferred to the hospital to receive treatment for her diabetes. Id. She was subsequently "declared fit for confinement" and was transferred to the United States Courthouse for the Southern District of New York for presentment in magistrate's court. Id.

7. Ms. Rowe's account of the ICE interrogation is quite different. According to Ms. Rowe, the agents began questioning her in the car on the way to 26 Federal Plaza before they had informed her about her rights. See December 18, 2007 Affirmation of Jennifer Rowe ¶¶ 6-7. Specifically, Ms. Rowe was questioned about Zongo and about her calls with Mr. Seck while she was still in the car with the agents, and she made statements in response to these questions. Id. ¶ 6. Although she remembers being read her rights at 26 Federal Plaza, she recalls being questioned about the money orders and other matters after reaching the hospital to receive treatment for her diabetes. Id. ¶¶ 8-9. During the time that she was being questioned at the

hospital, Ms. Rowe was feeling ill. Id. ¶¶ 8, 10. She had to remain at the hospital for a number of hours before her blood sugar level and blood pressure level fell to acceptable levels. Id. ¶ 8.

8. Given these circumstances, as well as the arguments set forth in the accompanying Memorandum of Law, the statements that Ms. Rowe made in the car and at the hospital should be suppressed because they were obtained in violation of Ms. Rowe's rights under Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth Amendment to the United States Constitution.

WHEREFORE, it is respectfully requested that this Court enter an order suppressing Ms. Rowe's post-arrest statements. In the alternative, the Court should order a hearing on Ms. Rowe's motion to suppress the statements.

I declare under the penalty of perjury that the foregoing is true and accurate.

Dated:  New York, New York
        December 19, 2007

_____
FIONA DOHERTY, ESQ.