UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

UNITED STATES OF AMERICA,                     :

    v.                                                          :

                                       S1 07 Cr. 771 (PAC)  **(ECF case)**

JENNIFER ROWE,                                    :
PAPE SECK,

                                  :
               *Defendants*.
----------------------------------------------------------------x

<u>DEFENDANT JENNIFER ROWE'S PROPOSED VOIR DIRE QUESTIONS</u>

DAVID GORDON
 Attorney for Jennifer Rowe
148 East 78th Street
New York, New York  10075
(212) 772-6625
DG - 4096

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
        v.                                                  :
                                                                S1 07 Cr. 771 (PAC)  (ECF case)
JENNIFER ROWE,                                              :
PAPE SECK,                                                  :
                                                            :
                        Defendants.                         :
------------------------------------------------------------x
```

DEFENDANT JENNIFER ROWE'S PROPOSED VOIR DIRE QUESTIONS

The defendant Jennifer Rowe respectfully requests the court to include the following in its voir dire to the jury panel:

A. Introductory Remarks

This is a criminal case. Count One of the indictment charges that, in or about 2004 through in or about December 2005, in the Southern District of New York and elsewhere, the defendants, JENNIFER ROWE and PAPE SECK, together with others, conspired to commit immigration fraud by submitting documents to the United States Department of Citizenship and Immigration Services on behalf of applicants for immigration benefits with knowledge that such documents contained false statements concerning the eligibility of such applicants to qualify for such immigration benefits, and to commit mail fraud by using the mails in connection with a scheme to fraudulently obtain money and property from applicants for immigration benefits by knowingly making false representations to such applicants as to their eligibility for such benefits. Counts Two through Seven each charges the defendants, JENNIFER ROWE and PAPE

1

SECK, with committing substantive mail fraud offenses with respect to applicants for immigration benefits. Although each count of the indictment charges two named defendants, the only defendant on trial before you is JENNIFER ROWE.

I said that each of the defendants is charged in an indictment. An indictment is merely a piece of paper used by the grand jury to charge -- to accuse -- a person or persons of committing a crime or crimes. Remember, it is merely an accusation and it should not be taken by you as proof of anything. It is up to the jury we will select today, after hearing the evidence, to decide whether each of the crimes charged have been committed, and if so, to decide whether JENNIFER ROWE is guilty of each of those crimes of which she is charged.

The questions I am about to ask are designed to make sure that we select a fair and impartial jury to sit in judgment on this case. You should understand that although it is your duty as a citizen to serve on juries, it is also your duty as a citizen not to serve on a jury if there is any reason whatsoever that you cannot do so in fairness to Ms. Rowe, the Government, or to yourself.

With respect to the questions that I will ask, I want to emphasize that there are no right or wrong answers; that this is not the giving of a test; that I have no expectation from you as to what your answer ought to be; that you should not, in any way, feel that you should strive to give an answer that will be acceptable to me, or to the lawyers, or others involved in the case.

We need your honest, straightforward feelings, straightforward answers as to your opinions, or an honest factual response. It will be a very informal atmosphere in which the questions are given to you, or put to you, and your only obligation is to answer truthfully. As I said a moment ago, there are no right or wrong answers. What is important is that you be as honest as you can in your responses. If you do not understand a question, just let me know and I will clarify it.

Some of you, perhaps many of you, will be excused from this jury. It should not be an embarrassment to you in any way if you are excused. It carries with it no suggestion of disqualification and certainly no stigma. It does not mean that you cannot serve on a future jury. Again, what we ask is that above all you be honest and forthright in stating your opinions and feelings.

I will first ask you some questions as a group. I will then ask each of you additional questions individually. If the answer to any of the group questions is "yes", please raise your hand. If the answer is "no" to any of the group questions, just shake your head. If you have answered "yes" and I fail to question you individually, it is because I did not see your raised hand. Please call my attention to the fact that I have missed you, so that I might question you individually. If any of you prefer to answer any question in private, out of the hearing of other jurors or the general public, please let me know and we will continue our inquiry in the robing room [or at the bench].

I remind you that it is your sworn obligation to let me know if you have any doubts whatsoever about your ability to be fair given the nature of the charges, or for any other reason.

B.  The Parties and their Counsel

1. The defendant on trial is Jennifer Rowe. [Please ask Ms. Rowe to stand and turn to face the jurors in the box and those sitting in the audience.] Does any juror know, or has he or she had any dealings, either directly or indirectly, with Ms. Rowe, or with any member of her family, friends, or associates?

2. Ms. Rowe is represented by David Gordon, whose office is in Manhattan [stand]. Does any juror know, or has he or she had any dealings, either directly or indirectly, with Mr. Gordon?

3. The Government is represented in this case by Assistant United States Attorneys Edward Kim, and Glen McGorty, of the office of Michael J. Garcia, the United States Attorney for the Southern District of New York [stand]. With them at counsel table is [insert name of case agent, paralegal, etc]. Does any

juror know, or has he or she had any dealings, either directly or indirectly, with any of them or any other member of the staff of the United States Attorney for the Southern District of New York?

4. Does any juror know or has he or she or any relatives, friends or associates, had any dealings or relationships, directly or indirectly, with any of the following individuals who may be witnesses in this case or whose names may be mentioned during the course of this case? While there may be additional witnesses called or additional names mentioned, please give me your knowledge with respect to the following:

[List witnesses the Government intends to call in its case in chief, and the names of others likely to be mentioned during the trial.]

C. Prior Experience with our Justice System

5. Has any juror ever served previously as a juror in any court or been excused from serving as a juror? If yes,

    a. When, and in what court did you serve?

    b. Was it a civil or criminal case? [If civil, do you understand that in a criminal case there is a different burden of proof, the Government must prove guilt beyond a reasonable doubt rather than by a mere preponderance of the evidence?]

    c. If criminal, what were the charges?

    d. Did the jury reach a verdict?

    e. If so, did the judge comment upon the verdict?

6. Has any juror ever served as a member of a grand jury, in federal or state court? [If so, please detail. Do you understand grand juries and trial juries serve different functions and have different standards of proof?]

7. Has any juror, or a relative or close friend, been the subject of or witness for any investigation by a federal or state grand jury, a Congressional or state legislative committee, or licensing authority? [If so, please detail.]

8. Has any juror, or a relative or close friend, ever been charged with any crime? [If so, please detail the charges and outcome.]

9. Has any juror, or a relative or close friend, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of its officers, agents, or employees, including the Department of Homeland Security, the Department of Citizenship and Immigration Services, the former Immigration and Naturalization Services [add any additional relevant law enforcement agency] or had any interest in the outcome of such legal action? [If so, please detail.]

10. Has any juror, or a relative or close friend, ever been the victim of any type of fraudulent scheme? For example, credit card fraud or internet fraud. Or been the victim of any other crime or been a witness in a criminal case? [If so, please detail.]

[As to each of the questions 5-10 above relating to the jurors' experiences with our courts and system of justice, each juror should be asked if his or her experience might affect his or her ability to be fair to either side in this case.]

D. Ability to Render a Fair Verdict

[It is respectfully requested that questioning of individual prospective jurors be conducted in the robing room (or at the bench) with respect to this portion of the voir dire.]

11. Do you feel that because this case involve allegations of fraud and/or because the case deals with immigration that you might not be able render a fair verdict?

12. Do you believe at this moment that Ms. Rowe is guilty? That she is probably guilty?

13. Do you think that Ms. Rowe must have done something wrong or she wouldn't be here, or that the fact that she has been indicted is evidence that she is guilty?

14. Do you believe that our system of criminal justice favors criminals, or favors persons charged with crimes?

15. Under the American criminal justice system, a defendant is presumed to be innocent and such presumption continues even while the jury deliberates, and entitles a defendant to an acquittal unless the jury unanimously finds his or her guilt has been established beyond a reasonable doubt. Some people think that a defendant should have to prove that he or she is innocent. Some people think that the burden of proof on the Government is too high or too onerous. Some feel that the verdict should not have to be unanimous. How do you feel about these issues?

16. Under our system, a defendant does not have to offer any evidence of innocence but the Government must prove all elements of each alleged crime beyond a reasonable doubt. How do you feel about this rule? Are you absolutely certain that you will be able to follow and apply it?

17. Will you have a problem following the instruction of the court that the burden of proof *never* shifts from the prosecution to the defense in a criminal case?

18. Under our system, a defendant has a constitutional right not to testify and a defendant's decision not to testify, if he or she elects not to testify, cannot be used against him or her in any way. How do you feel about this rule? Do you feel that there is any possibility that you might not or will not be able to follow it if Ms. Rowe chooses not to testify? Do you feel that a defendant should testify, or that he or she is trying to hide something by not testifying?

19. How do you feel about defense attorneys? Do you have any feeling that there is a difference between the prosecuting attorney and defense counsel resulting from the fact that the prosecutor is a representative of the Government?

20. One or more agents of the Department of Homeland Security, the Department of Citizenship and Immigration Services [and agents or officers of [insert the name or names of other relevant law enforcement agency or agencies]] are expected to testify in this case. Is it possible that you would give more credence to the testimony of any law enforcement witness because of his or her position as a law enforcement officer?

21. Under our legal system, guilt is personal. Do you feel that you that if you find that the Government has proven the existence of the conspiracy charged, and the membership of another person or others in such conspiracy, and/or has proven one that one or more of the substantive mail fraud counts, you will have difficulty in weighing the evidence as it relates to Ms. Rowe separately in determining whether the prosecution has met its burden of proving her guilt beyond a reasonable doubt?

22. Under our legal system, the facts are the province of the jury and the law the province of the court. In other words, when I give you the law at the close of this trial you are required to accept the law as stated. With this in mind, do you feel that, for any reason, you may be either not willing or not able to apply the law as stated by the court?

23. If at the conclusion you have any reasonable doubt about Ms. Rowe's guilt, will you hesitate to acquit her?

24. If, at the end of the case, you were not convinced that Ms. Rowe had been proven guilty, but eleven of your fellow jurors felt otherwise, would you abandon your position merely because you were in a minority or because you did not want the others to be kept deliberating longer than they felt necessary?

25. Do you have a hearing problem or an uncorrected visual problem?

26. Do you have difficulty understanding English?

### E. Additional proposed Voir Dire Questions To Be Put To Each Prospective Juror Individually

27. What is the county of your residence? In what community do you reside? Describe the community?

28. Are you married? If yes, for how long? Do you have any children? If yes, how old are they? Do they live with you?

29. Where do you work? How long have you worked there? Describe the type of work that you do and how long have you done that type of work? Where did you work before your present job? What type of work did you do there?

30. What is your highest level of education?

31. If married, what type of work does your husband (or wife) do? For how long has he (or she) been employed at his (or her) present job? What did he (or she) do before that?

32. If you have grown children, are any of them employed? If so, by whom? What are his (or her) responsibilities?

33. Have you or has any member of your family or any of your relatives or close friends ever worked for the Federal, state or local government (other than service in the armed forces)? If so, in what capacity?

34. Have you ever served in the armed forces? If so, where? Did your experience include assignment with the military police?

35. Are you or have you ever been employed by any law enforcement agency; city, county, state or Federal? Have any relatives or close friends, been employed by any law enforcement agency; city, county, state or Federal?

36. Do you belong to any clubs or organizations? If so, which ones?

37. How do you get the news? Do you watch television news? Do you read newspapers? Which ones? Do you read any magazines regularly? Which ones?

38. Finally, is there anything about the nature of the charges, or any other reason, that makes you feel that you may not be totally impartial and fair to both sides or makes you feel that you should not serve as a juror in this case?

Dated: New York, New York
August 18, 2008

Respectfully submitted,

/s/ David Gordon
DAVID GORDON, ESQ.
Attorney for Defendant
JENNIFER ROWE
148 East 78th Street
New York, New York 10075
Tel.: (212) 722-6625
DG - 4096