UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                      :
UNITED STATES OF AMERICA
                                                      :
                    -v.-                                         S1 07 Cr. 771 (PAC)
                                                      :
JENNIFER ROWE,
                                                      :
                         Defendant.
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>


                                        MICHAEL J. GARCIA
                                          *United States Attorney for the*
                                          *Southern District of New York*
                                          *Attorney for the United States*
                                          *of America*




EDWARD Y. KIM
GLEN G. MCGORTY
*Assistant United States Attorneys*
        *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                  :

UNITED STATES OF AMERICA

                                  :

              -v.-                      S1 07 Cr. 771 (PAC)

                                  :

JENNIFER ROWE,

                                  :

             Defendant.

                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following instructions in its charge to the jury.

The Government also requests leave to offer such additional instructions as may become

appropriate during the course of the trial.

## GOVERNMENT REQUESTS TO CHARGE BY NUMBER

**Request No.**

1. General Requests

2. The Indictment

3. Multiple Counts – One Defendant

4. Count One – Conspiracy:  The Indictment And The Statute

5. Count One – Conspiracy:  Purpose Of The Statute; Distinct From Substantive Offense

6. Count One – Elements Of Conspiracy

7. Count One – First Element: Existence Of The Conspiracy

8. Count One – Second Element: Membership In The Conspiracy

9. Count One – Third Element: Overt Act

10. Count One – Time of Conspiracy

11. Count One – Liability For Acts And Declarations Of Co-Conspirators

12. Count One – First Object: The Indictment and the Statute

13. First Object – Elements of False Statement in an Immigration Document

14. First Object – First Element: Defendant Made or Presented False Statement

15. First Object – Second Element: Immigration Document

16. First Object – Third Element: Statement Was Materially False

17. First Object – Fourth Element: Knowledge

18. Count One – Second Object: The Indictment and the Statute

19. Second Object – Elements of Mail Fraud

i

20.    Second Object – First Element: Existence of Scheme or Artifice to Defraud

21.    Second Object – Second Element: Participation in Scheme with Intent to Defraud

22.    Second Object – Third Element: Use of the Mails

23.    Counts Two through Seven – Substantive Offenses

24.    Aiding And Abetting/Willfully Causing A Crime

25.    Venue

26.    Conscious Avoidance/Willful Blindness

27.    Variance In Dates, Amounts, And Facts Alleged

28.    Defendant's Testimony (if applicable)

29.    Defendant's Right Not To Testify (if applicable)

30.    Limiting Instruction: Similar Act Evidence

31.    Uncalled Witness: Equally Available To Both Sides (if applicable)

32.    Charts and Summaries: Admitted as Evidence (if applicable)

33.    Charts And Summaries: Not Admitted As Evidence (if applicable)

34.    Tapes Recordings and Transcripts (if applicable)

35.    Testimony Of Law Enforcement Officers

36.    Persons Not On Trial

37.    Particular Investigative Techniques Not Required (if applicable)

38.    Accomplice/Cooperating Witnesses

39.    Stipulations Of Testimony (if applicable)

40.    Stipulations Of Fact (if applicable)

41.    Preparation of Witnesses (if applicable)

42.    Character Witnesses (if applicable)

43.    Conclusion

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

  a.  Function Of Court And Jury

  b.  Indictment Not Evidence

  c.  Statements Of Court And Counsel Not Evidence

  d.  Burden Of Proof And Presumption Of Innocence

  e.  Reasonable Doubt

  f.  Government Treated Like Any Other Party

  g.  Inferences

  h.  Definitions And Examples Of Direct And Circumstantial Evidence

  i.  Credibility Of Witnesses

  j.  Interest In Outcome

  k.  Right To See Exhibits And Have Testimony Read During Deliberations

  l.  Sympathy: Oath As Jurors

  m.  Punishment Is Not To Be Considered By The Jury

  n.  Verdict Of Guilt Or Innocence Must Be Unanimous

## REQUEST NO. 2

### The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains seven counts.

Count One of the Indictment charges defendant JENNIFER ROWE, and others known and unknown, with conspiring: (1) to commit visa fraud by making false statements in documents required by the immigration laws and with presenting documents that contain such false statements; and (2) to commit mail fraud by participating in a scheme to defraud individuals seeking status as permanent residents.

Counts Two through Seven charge JENNIFER ROWE with actually committing mail fraud, and aiding and abetting the commission of mail fraud, in connection with the scheme that I have just described.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-45; the charge of the Honorable Kevin Thomas Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin Thomas Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. 1993); and the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, 00 Cr. 36 (S.D.N.Y. 2001).

## REQUEST NO. 3

## Multiple Counts -- One Defendant

The Indictment contains a total of seven counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find that defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

I will now instruct you on the elements that the Government must prove beyond a reasonable doubt for each of the seven charged offenses.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

**REQUEST NO. 4**

**Count One -- Conspiracy to Commit Visa Fraud and Mail Fraud:
The Indictment And The Statute**

As I said, Count One of the Indictment charges the defendant JENNIFER ROWE

with participating in a conspiracy to violate the federal statutes that make it unlawful to commit

visa fraud and mail fraud.  Specifically, Count One charges, and I am reading now from the

Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment,*

*excluding the "overt acts" section.]*

The Indictment then lists the overt acts that are alleged to have been committed in

furtherance of the conspiracy.

The relevant statute on this subject provides, in pertinent part:

If two or more persons conspire . . . to commit any offense against the United
States . . . , and one or more of such persons do any act to effect the object of the
conspiracy, each [is guilty of an offense against the United States].

Sand, Modern Federal Jury Instructions, Instr. 19-1.

4

<u>**REQUEST NO. 5**</u>

**Count One -- Conspiracy to Commit Visa Fraud and Mail Fraud:**
<u>**Purpose Of The Statute; Distinct From Substantive Offense**</u>

As I said, Count One charges a conspiracy to commit visa fraud and mail fraud. A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or unlawful agreement -- to commit visa fraud and mail fraud, as charged in Count One of the Indictment, is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal law.

The actual violation of any specific federal law is referred to as a "substantive crime." Counts Two through Seven, which I will discuss in a few moments, are "substantive crimes."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture. The law of conspiracy serves ends different from, and complementary to, those served by criminal prohibitions of the substantive offense. Specifically, the law of conspiracy serves two independent values: (a) it protects society from the dangers of concerted criminal activity; and (b) it serves a preventive function by stopping criminal conduct in its early stages of growth before it has a full opportunity to bloom.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find the defendant guilty of the crime of conspiracy -- even if you find that

she never actually committed the substantive crimes – in this case, visa fraud and mail fraud –

that were the objects of the conspiracy.  By the same token, you can find the defendant guilty of

committing mail fraud, even if you find the defendant not guilty of conspiracy to commit visa

fraud and mail fraud.

> Adapted from the charges of the Honorable Leonard B. Sand in United States v.
> Rios, 91 Cr. 914 (S.D.N.Y. 1992), and United States v. Pignatello, 96 Cr. 1032
> (S.D.N.Y.); the charge of the Honorable John G. Koeltl in United States v. Szur,
> 97 Cr. 108 (S.D.N.Y. 1998); and Sand, Modern Federal Jury Instructions, Instr.
> 19-2; see United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the
> essence of conspiracy is the agreement and not the commission of the substantive
> offense that is its objective, the offense of conspiracy may be established even if
> the collaborators do not reach their goal.").

## REQUEST NO. 6

### Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud:
### Elements Of Conspiracy

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States that make it a crime to commit visa fraud _or_ mail fraud;

Second, that the defendant unlawfully, knowingly, and willfully became a member of the conspiracy; and

Third, that any one of the conspirators -- not necessarily the defendant, but any one of the members of the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy and during the life of the conspiracy.

Now let us separately consider the three elements.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, Modern Federal Jury Instructions, Instr. 19-3; see United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy), cert. denied, 501 U.S. 1233 (1991); United States v. Ciambrone, 787 F.2d 799, 810 (2d Cir.) (discussing elements of conspiracy), cert. denied, 479 U.S. 1017 (1986).

## REQUEST NO. 7

### Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud: First Element -- Existence Of The Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purposes alleged to have been the objects of the conspiracy are (i) the commission of visa fraud; and (ii) the commission of mail fraud.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

The conspiracy alleged here in Count One, therefore, is the <u>agreement</u> to commit visa fraud and mail fraud.  As I instructed you before, it is an entirely distinct and separate offense from Counts Two through Seven, which involve the <u>actual</u> commission of mail fraud.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or in some manner, either explicitly or implicitly, came to an

understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objective of the conspiracy charged in the Indictment.

### Objects Of The Conspiracy -- Visa Fraud and Mail Fraud

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve. The Indictment here charges that the conspiracy alleged in Count One had two objects: (i) the commission of visa fraud and (ii) the commission of mail fraud. I will explain the law regarding visa fraud and mail fraud later in my instructions.

9

If you find that the conspirators agreed to accomplish <u>either</u> of the two objectives charged in Count One – that is, the commission of visa fraud <u>or</u> the commission of mail fraud – the illegal purpose element will be satisfied.  In other words, you need not find that the conspirators agreed to accomplish both of these two objectives.  An agreement to accomplish one of the two objectives is sufficient.  However, you must be unanimous as to the objective. That is, you must all be in agreement with respect to at least one of the alleged objectives of the conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States v. Rios</u>, 91 Cr. 914 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y. 1993); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-4; <u>see</u> <u>United States v. Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States v. Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); <u>United States v. Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

<u>REQUEST NO. 8</u>

**Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud:**
**<u>Second Element -- Membership In The Conspiracy</u>**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether defendant JENNIFER ROWE participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant unlawfully, knowingly, and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in at least one of its unlawful objectives.

**<u>"Unlawfully," "Willfully," And "Knowingly" Defined</u>**

The term "unlawfully" simply means contrary to law.  In order to prove that the defendant acted "unlawfully," the Government need not prove that the defendant knew that she was breaking any particular law or any particular rule.  The Government must only show that the defendant was aware of the generally unlawful nature of her acts.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.  The

11

Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy. The defendant disputes those arguments.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on her part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary for a defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a defendant to receive any monetary benefit from her participation in the conspiracy, or to have a financial stake in the outcome. It is enough if she participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt. She need not have joined the conspiracy at the outset. She may have joined it at any time -- at the beginning, in the middle, or at the end. Regardless of when she may have joined, she will still be held responsible for all that was done before she joined and all that was done during the conspiracy's existence while she was a member.

Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member

12

of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to  participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

For example, some of the ways that the Government might satisfy this element include the defendant's presence at critical stages or critical places related to the conspiracy that are not due to happenstance; the defendant's participation in conversations or communications directly related to the substance of the conspiracy; receipt, or expectation of receipt, of a share of the profits of the conspiracy.  It is for you alone to determine what inferences concerning the defendant's participation in the conspiracy to draw from all of the evidence that you have heard.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either of its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, she is presumed to continue her membership in the venture until its termination, unless it is shown by some affirmative proof that she withdrew and disassociated herself from it.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); and Sand, Modern Federal Jury Instructions, Instr. 19-6, 56-18; see United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in

conspiracy with required state of mind); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

## REQUEST NO. 9

### Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud:
### Third Element -- Overt Act

The third element that the Government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one overt act charged in the Indictment was committed in furtherance of the conspiracy by one or more of the coconspirators.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have knowingly and willfully been taken by at least one of the conspirators in furtherance of the Indictment.

The Indictment alleges the following overt acts:

*[The Court is respectfully requested to read the "Overt Acts" section of Count One of the Indictment.]*

In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment be proven. All that is required is that you find, beyond a reasonable doubt, that at least one of the overt acts charged in the Indictment was knowingly and willfully committed by at least one of the conspirators in furtherance of the conspiracy.

Although the finding of one overt act is sufficient to satisfy the overt act element, I instruct you that you the jury must unanimously agree on which, if any, was the specific overt act committed in furtherance of the conspiracy.

You need not find that the defendant committed the overt act. It is sufficient for the Government to show that one of the conspirators knowingly and willfully committed an overt act charged in the Indictment in furtherance of the conspiracy. This is because such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

15

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should also bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); see United States v. Provenzano, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), cert. denied, 446 U.S. 953 (1980).

**REQUEST NO. 10**

**Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud:**
**Time of Conspiracy**

The Indictment alleges that the conspiracy existed from in or about 2004 up to and including in or about December 2005.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned and that at least one overt act was committed in furtherance of the charged conspiracy within that period.

Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 3-12.

## REQUEST NO. 11

### Count One -- Conspiracy To Commit Visa Fraud and Mail Fraud: Liability For Acts And Declarations Of Co-conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant JENNIFER ROWE any acts or statements made by any of the people that you find, under the standards I have already described, to have been her co-conspirators, even though such acts or statements were not made in her presence, or were made without her knowledge.

> See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir.), cert. denied, 459 U.S. 945 (1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**REQUEST NO. 12**

**Count One: First Object**
**Visa Fraud- The Indictment and the Statute**

As I told you before, the objects of the conspiracy charged in Count One are visa fraud and mail fraud. I will first discuss visa fraud, which is a violation of Title 18, United States Code, Section 1546. The indictment in this case alleges:

*[The Court is respectfully requested to read paragraph two of the Indictment.]*

The defendant is alleged to have conspired to violate Title 18, United States Code, Section 1546(a), which reads in pertinent part, as follows:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury ... knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact

shall be guilty of a crime. 18 U.S.C. § 1546(a).

This statute can be violated in more than one way. One way the statute can be violated is by <u>making</u> a false statement under oath, or otherwise subject to penalty of perjury in an immigration-related document. Another way the statute can be violated is by <u>presenting</u> an immigration-related document to the Government that contains a false statement of material fact.

This law can be violated in these two ways because in passing the law, Congress intended to prohibit these two types of conduct: the making of materially false statements, under oath, in immigration-related documents; and presenting materially false statements in immigration-related applications even if another individual is the one making the statements, and even if the statement in the application is not under oath.

19

I remind you that the defendant in this case is not charged with actually having committed the substantive crime of visa fraud by making or presenting false statements herself. Rather, the Government contends that the defendant and others conspired to present applications to the United States Citizenship and Immigration Services that they knew contained false statements of material fact.

> Adapted from the charge of the Honorable Deborah A. Batts  in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007); see United States v. Khalje, 658 F.2d 90, 91-92 (2d Cir. 1981).

## REQUEST NO. 13

### First Object – Visa Fraud
### False Statement in an Immigration Document: Elements of the Offense

In order to establish the visa fraud object of the conspiracy, the Government must prove beyond a reasonable doubt that two or more of the coconspirators agreed as follows:

First, that either a false statement would be made under oath or that a document containing a false statement would be presented;

Second, that the statement would be made in a document required by the immigration laws or regulations;

Third, that the statement would be false as to a material fact; and

Fourth, that they knew the statement would be false when made.

> L. Sand et al., Modern Federal Jury Instructions, Instr. 47-8; adapted from the charge of the Honorable Deborah A. Batts  in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007); see United States v. Khalje, 658 F.2d 90, 91-92 (2d Cir. 1981).

**REQUEST NO. 14**

**First Object – Visa Fraud**
**False Statement in an Immigration Document: First Element – Defendant Made or**
**Presented False Statement**

The government can satisfy the first element in one of two ways.  First, the government can prove beyond a reasonable doubt that two or more coconspirators agreed that a false statement would be made under oath.  I will define the term "under oath" in a moment.  Second, the government can prove beyond a reasonable doubt that two or more of the coconspirators agreed that a false statement made by another would be presented, whether or not that false statement was made under oath.

A statement is "false" if it was untrue when made.

To show that a statement was made under oath, the government must prove that the maker of the statement took an oath to testify truly before the United States Citizenship and Immigration Services or that the maker of the statement, under penalty of perjury, subscribed as true written information submitted to the United States Citizenship and Immigration Services.

L. Sand et al., Modern Federal Jury Instructions, Instr. 47-9, 47-11; adapted from the charge of the Honorable Deborah A. Batts in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007); see United States v. Khalje, 658 F.2d 90, 91-92 (2d Cir. 1981).

## REQUEST NO. 15

### First Object – Visa Fraud
### False Statement in an Immigration Document: Second Element – Immigration Document

The second element the government must prove beyond a reasonable doubt is that two or more coconspirators agreed that the statement would be made in a document required by the immigration laws or regulations.

It is not required that two or more coconspirators agreed that the statement be in an official form of the United States Citizenship and Immigration Services. It is sufficient if two or more coconspirators agreed that the false statement would be included in any affidavit or other document required to be attached to an application.

> L. Sand et al., Modern Federal Jury Instructions, Instr. 47-10; Adapted from the charge of the Honorable Deborah A. Batts  in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007).

**REQUEST NO. 16**

**First Object – Visa Fraud**
**False Statement in an Immigration Document: Third Element – Statement Was Materially False**

The fourth element the government must prove beyond a reasonable doubt is that two or more coconspirators agreed that the false statement would relate to a material fact.  A fact is material if it could have affected or influenced the government's decisions or activities.  However, proof that the government actually relied on the statement is not required.

L. Sand et al., Modern Federal Jury Instructions, Instr. 47-12; adapted from the charge of the Honorable Deborah A. Batts  in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007).

## REQUEST NO. 17

### First Object – Visa Fraud
### False Statement in an Immigration Document: Fourth Element – Knowledge

The fourth element the government must prove beyond a reasonable doubt is that two or more coconspirators knew the statement would be false when made.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

L. Sand et al., Modern Federal Jury Instructions, Instr. 47-13; adapted from the charge of the Honorable Deborah A. Batts  in United States v. Gupta, 07 Cr. 177 (S.D.N.Y. 2007).

## REQUEST NO. 18

### Count One: Second Object
### Mail Fraud- The Indictment and the Statute

The second object of the conspiracy charged in Count One is to commit mail fraud.

*[The Government respectfully requests that the Court read paragraph 3 of the Indictment.]*

The defendant is alleged to have conspired to violate Section 1341 of the federal criminal law which says:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing what ever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be [guilty of a crime].

In this case, the defendant JENNIFER ROWE is charged with conspiring to participate in a scheme to defraud individuals seeking permanent resident status and to obtain money and property by making materially false, fraudulent, and deceptive representations and promises to the these individuals, and using the mails in furtherance of this scheme.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 44-1 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)).

## REQUEST NO. 19

### Second Object – Mail Fraud
### Elements of the Offense

In order to establish the mail fraud object of the conspiracy, the Government must prove beyond a reasonable doubt that two or more of the coconspirators agreed as follows:

First, that there would be a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that they would knowingly and willfully devise or participate in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, they would use, or cause the use by others, of the mails.

Adapted from the charges of the Honorable Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (MBM) (S.D.N.Y. 1991) (mail fraud) and in United States v. Uccio, 88 Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud), from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), from the charge of the Honorable Laura Taylor Wain in United States v. Fasciana, 01 Cr. 58 (LTS) (S.D.N.Y. 2005) (mail fraud and wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (EW) (S.D.N.Y. 1983)).

## REQUEST NO. 20

### Second Object -- Mail Fraud
### First Element -- Existence Of Scheme Or Artifice To Defraud

The first element the Government must prove beyond a reasonable doubt is an agreement regarding a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object.

"Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, and claims.

A statement, representation or claim is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A statement, representation, or claim is fraudulent if it was made falsely and with intent to deceive. Deceitful statements of half truths or the concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

28

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or concealment must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

It is not necessary for the government to establish that the defendant herself originated the scheme to defraud or that she actually realized any gain from the scheme or that any particular person actually suffered damages as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case. Here, the Government contends that the defendant agreed to participate in a scheme to defraud individuals seeking status as permanent residents by making materially false, fraudulent, misleading and deceptive

representations and promises to these individuals.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property.

In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him. Rather, a person is also deprived of money or property when that person is provided false or fraudulent information that, if believed, would prevent him from being able to make informed decisions about what to do with his money or property. In other words, a person is deprived of money or property when he is deprived of the right to control that money or property. And he is deprived of the right to control that money or property when he receives false or fraudulent statements that affect his ability to make discretionary economic decisions about what to do with that money or property.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-4 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); the charge of the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and the charge of the Honorable Robert P. Patterson in United States v. Peter Carlo, 04 Cr. 805 (RPP) (S.D.N.Y. 2005); see United States v. DiNome, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes the right to control the use of one's assets; where defendant intends to deprive victim of information material to victim's decision on how to deal with his assets, required intent to defraud is present); see United States v. Trapilo, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted); United States v. Von Barta, 635 F.2d 999, 1005 & n.12 (2d Cir. 1980) (same); Gregory v. United

<u>States</u>, 253 F.2d 104, 109 (5th Cir. 1958) (same); <u>United States v. Ragosta</u>, 970 F.2d 1085, 1089-90 (2d Cir.) (bank fraud statute; "[t]he term 'scheme to defraud,'. . . is not capable of precise definition. Fraud instead is measured in a particular case by determining whether the scheme demonstrated a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community"; because 18 U.S.C. § 1344 is written in disjunctive, "courts have required proof of misrepresentation only when the defendant is charged with violating" provision regarding "scheme . . . to obtain . . . moneys . . . by means of false or fraudulent . . . representations"; under provision addressing "schemes to defraud," statute "does not require proof of a misrepresentation") (citations omitted), <u>cert. denied</u>, 506 U.S. 102 (1997); <u>United States v. Richman</u>, 944 F.2d 323, 331-32 (7th Cir. 1991) (mail fraud; "scheme to defraud" established even if no misrepresentation made; it is "immaterial that the [scheme] did not progress to the point where [defendant] had to make false representations" to victim; rejecting defendant's request for instruction that "false . . . representations must have been made"; "'the mail fraud statute proscribes fraudulent schemes' rather than specific misrepresentations to the party to be defrauded") (citations omitted); <u>United States v. Karro</u>, 257 F.3d 112, 118 (2d Cir. 2001) (holding that a defendant who intentionally provides false information to a lender about her identity to obtain a credit card has intent to defraud, whether or not she intended to repay the credit card debts); <u>United States v. Rossomando</u>, 144 F.3d 197, 201 & n.5 (2d Cir. 1998) (noting that borrower who provides false information to a lender intends to inflict economic harm on lender notwithstanding intent to repay loan, <u>i.e.</u>, "to deprive the bank of the ability to determine the actual level of credit risk and to determine for itself on the basis of accurate information whether, and at what price, to extend credit to the defendant"); <u>United States v. DiNome</u>, 86 F.3d 277, 284 & n.7 (2d Cir. 1996) (holding that a borrower's misrepresentation to mortgage lender about income was sufficient to support wire fraud conviction); <u>United States</u> v. <u>Mintus</u> 00 Cr. 49 (KMW) (consideration of contractual disclaimer).

31

## REQUEST NO. 21

### Second Object -- Mail Fraud
### Second Element -- Participation In Scheme With Intent To Defraud

The second element of mail fraud that the Government must establish beyond a reasonable doubt is that two or more conspirators agreed to devise or participate in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly agreed to participate in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of her participation.

It also is not necessary that the defendant have agreed to participate in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible

32

for all that may have been done in the past in furtherance of the criminal objective.

Even if the defendant participated in the scheme to a lesser degree than others, she is nevertheless equally guilty as long as the defendant agreed to become a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the defendant may be convicted of the fraud charged here, she must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The defendant acted with "intent to defraud" if she agreed to engage or participate in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge, willfulness, and fraudulent intent is almost never

33

available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

### Good Faith
### *[If Applicable]*

Since an essential element of the crime charged is an intent to defraud, it follows that good faith on the part of the defendant is a defense to the charge of mail fraud.  A defendant, however, has no burden of establishing a defense of good faith.  The burden is on the Government to prove fraudulent intent beyond a reasonable doubt and, consequently, a lack of good faith.

Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the

34

truth of the representations made by a defendant, and an honest belief that all material facts have

been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

        Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-5 (based on the charge of the Honorable Edward Weinfeld in <u>United States v. Ranney</u>, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in <u>United States v. Uccio</u>, 88 Cr. 906 (S.D.N.Y. 1989), <u>aff'd</u>, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in <u>United States v. Rogers</u>, 90 Cr. 377 (S.D.N.Y. 1991); the charge of the Honorable John G. Koeltl in <u>United States v. Szur</u>, 97 Cr. 108 (S.D.N.Y. 1998); the charge of the Honorable Allen G. Schwartz in <u>United States v. Reinhold</u>, 97 Cr. 686 (S.D.N.Y. 1998); and the charge of the Honorable Robert P. Patterson in <u>United States v. Peter Carlo</u>, 04 Cr. 804 (RPP) (S.D.N.Y. 2005); <u>see also</u> <u>United States v. Bryser</u>, 954 F.2d 79, 88-89 (2d Cir.) (mail fraud; Government need not establish that defendant participated in all aspects of scheme), <u>cert. denied</u>, 112 S. Ct. 2939 (1992); <u>United States v. Amrep Corp.</u>, 560 F.2d 539, 543 (2d Cir. 1977) (holding that defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted), <u>cert. denied</u>, 434 U.S. 1015 (1978); <u>United States v. Schwartz</u>, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); <u>United States v. King</u>, 860 F.2d 54, 55 (2d Cir. 1988) (same), <u>cert. denied</u>, 490 U.S. 1065 (1989); <u>United States v. Rossomando</u>, 144 F.3d 197 (2d Cir. 1998)

## REQUEST NO. 22

## Mail Fraud:  Third Element
## Use Of The Mails

The third and final element that the Government must establish beyond a reasonable doubt as to the mail fraud object is that it was agreed that the mails would be used in furtherance of the fraudulent scheme.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier.

The mailed matter need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant, JENNIFER ROWE, to have been directly or personally involved in the mailing, so long as the mailing was reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of agreeing to participate. That is, it must have been within the scope of the agreement to commit the unlawful object of mail fraud.

In this connection, it would be enough to establish this element if the evidence justifies a finding that the scheme, in which the defendant agreed to participate, caused a mailing by others; and this does not mean that the defendant herself must specifically have authorized others to do the mailing.  This mailing requirement can be satisfied even if the mailing was done by the person being defrauded or some other innocent party.  When a person does an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use of the mails can reasonably be foreseen by that person, even though she does not actually

36

intend such use of the mails, then she nonetheless causes the mails to be used.

With respect to this element, the Government must prove beyond a reasonable

doubt that it was agreed that the scheme would involve the use of the mails.

Adapted from the charges of the Honorable Michael B. Mukasey in United States
v. Harding, 91 Cr. 43 (MBM) (S.D.N.Y. 1991) and in United States v. Uccio, 88
Cr. 906 (MBM) (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud), and from
Sand et al., Modern Federal Jury Instructions, Instr. 44-6.

**REQUEST NO. 23**

**Counts Two through Seven -- Mail Fraud
Substantive Offenses**

We come now to Counts Two through Seven, the so-called substantive counts of

the Indictment.  I would like to say something to you in further clarification of the difference

between the conspiracy count, Count One, and the substantive counts, which are Counts Two

through Seven.  The violations charged in Counts Two through Seven are alleged to be one of

the objects of the conspiracy charged in Count One.  Conspiracy, as you will recall, is a crime

separate from the violations that form its objects.  Because the Government contends that the

substantive violations that I will now instruct you on actually occurred, the defendant is charged

in the Indictment with committing the substantive offense of mail fraud as well as with

conspiracy to commit both visa fraud and mail fraud.

Counts Two through Seven of the Indictment allege:

*[The Court is respectfully requested to read Counts Two Through Seven of the*

*Indictment.]*

I have already explained the mail fraud statute to you in connection with my

discussion of the mail fraud alleged object of the conspiracy charged in Count One.

As I explained earlier, to prove a substantive violation of the mail fraud statute,

the Government must show not just an agreement to violate the law, but the actual commission

of the crime defined by the statute.  Thus, in order to establish a violation of the mail fraud

statute, the Government must prove beyond a reasonable doubt as to Counts Two Through

Seven:

First, that in or about the times alleged in the Indictment, there was a scheme or

38

artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant herself used, or caused the use by others, of the mails as specified in the Indictment. With respect to the third element, the Government does not have to prove that any particular use of the mails was made on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the mailing was made on a date substantially similar to the date charged in the Indictment.

Earlier, in discussing the conspiracy count, I defined the key terms relating to this charge, and I ask you to use those definitions here as well.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Pignatiello, 96 Cr. 1032 (S.D.N.Y. 1999); and United States v. Rigas, 02 Cr. 1236 (LBS).

## REQUEST NO. 24

## Aiding And Abetting/Willfully Causing A Crime

Now with respect to Counts Two through Seven, which charge the defendant with mail fraud, the Indictment also charges the defendant with, first, aiding and abetting the substantive crime of mail fraud and, second, willfully causing the substantive crime of mail fraud.

The relevant federal statute regarding aiding and abetting a crime provides that:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

The relevant part of the federal statute regarding willfully causing a crime provides that:

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under both portions of this statute, it is not necessary for the Government to show that the defendant JENNIFER ROWE physically committed the mail fraud with which she is charged in order for you to find her guilty. Thus, even if you do not find beyond a reasonable doubt that JENNIFER ROWE committed the crime charged, you may, under certain circumstances, still find her guilty of that crime as an aider or abettor, or as someone who willfully caused the commission of that crime. Let me in turn describe both of these concepts.

The first is aider and abettor liability. A person who aids or abets another to commit an offense, is just as guilty of that offense as if he or she committed it himself or herself. Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a

40

reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate herself in some way with the crime, and that she willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which she is charged, ask yourself these questions. First, did the defendant participate in the crime charged as something she wished to bring about? Second, did the defendant associate herself with the criminal venture knowingly and willfully? And third, did the defendant seek, by

41

her actions, to make the criminal venture succeed?

If the defendant did so, then she is an aider and abettor, and therefore guilty of the offense.  If the defendant did not do so, then she is not an aider and abettor, and is not guilty of that offense.

I will now move on to the second additional way that the defendant may be found guilty.  As I mentioned, the defendant can be held liable under that subsection for willfully causing the commission of a federal crime.

Now, what does the term "willfully caused" mean?  It does not mean that the defendant herself need to have physically committed the crime, or supervised or participated in the actual criminal conduct charged in Count Two through Seven of the Indictment.  The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant take some action without which the crime would not have occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If the answer to both of these questions is "yes," then the defendant is guilty of the crime charged just as if she had actually committed the crime.  To find the defendant liable under this provision of the statute, the Government need not prove that she acted through a guilty intermediary.  That is, a defendant can be found liable even if she acted through someone who is entirely innocent of the crime charged in the Indictment.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 11-1 through 11-3; the charge of the Honorable Allen G. Schwartz in United States v. Reinhold, 97 Cr. 686 (S.D.N.Y. 1998); and the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); see United States v. Labat, 905 F.2d 18, 23 (2d Cir.

1990) (discussing requirements of aiding and abetting liability); <u>United States v. Clemente</u>, 640 F.2d 1069 (2d Cir.) (same), <u>cert. denied</u>, 454 U.S. 820 (1981); <u>United States v. Concepcion</u>, 983 F.2d 369, 383-84 (2d Cir. 1992), <u>cert. denied</u>, 510 U.S. 856 (1993) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'") (citations omitted); <u>United States v. Margiotta</u>, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); <u>United States v. Ordner</u>, 554 F.2d 24, 29 (2d Cir. 1977), <u>cert. denied</u>, 434 U.S. 824 (1978) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant"); <u>United States v. Jordan</u>, 927 F.2d 53, 55 (2d Cir. 1991)(jury properly instructed that defendant could be found guilty where he caused Government agent to ferry narcotics into the United States).

## REQUEST NO. 25

## Venue

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan County, so anything that occurs in those counties occurs in the Southern District of New York.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and that it is sufficient if the Government proves venue by a mere preponderance of the evidence. A preponderance of the evidence means to prove that the fact is more likely than not true. Thus, the Government has satisfied is venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); from the charge of the Honorable Naomi Reice Buchwald in United States v. Williams, 00 Cr. 1008 (NRB).

## REQUEST NO. 26

### Conscious Avoidance/Willful Blindness

As I have explained, both the conspiracy charge in Count One and the substantive counts of mail fraud in Counts Two through Seven require the Government to prove, among other things, that defendant JENNIFER ROWE acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then she knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that she was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly, you may consider whether the defendant deliberately closed her eyes to what would otherwise have been obvious to her. One may not willfully and intentionally remain ignorant of a fact important to her conduct in order to escape the consequences of criminal law.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charge, Count One of the Indictment.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for a finding that the defendant knowingly agreed to a joint undertaking. It is logically impossible for a defendant to agree to join another person unless she knows that she has made such an agreement.

45

However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether the defendant knew that the objective or goal of that agreement was to engage in visa fraud or mail fraud, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, that is, whether she deliberately closed her eyes to what would otherwise have been obvious.

With respect to the substantive mail fraud counts– Counts Two through Seven of the Indictment–in determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly, you may consider whether the defendant acted with a conscious purpose to avoid learning that statements she made to prospective green card applicants were untrue or misleading.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.  It is entirely up to you whether you find that the defendant deliberately closed her eyes and any inferences to be drawn from the evidence on this issue.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3A-2, 44-5; the charge of the Honorable Gerard E. Lynch in United States v. Ruiz, S1 01 Cr. 864 (GEL) (S.D.N.Y. 2002); and the charge in United States v. Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly approving charge); see also United States v. Mang Sun Wong, 884 F.2d 1437, 1541-43 (2d Cir. 1989).

"A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant facts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them." United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990); see United States v. Svoboda, 347 F.3d 471, 478-82 (2d Cir. 2003) (discussing use of conscious avoidance charge in conspiracy case), cert. denied, 544 U.S. 1044 (2004); United States v. Ferrarini, 219 F.3d 145 (2d Cir. 2000); United States v. Rodriguez, 983 F.2d 455, 457-58 (2d Cir. 1993); see also United States v. Lanza, 790 F.2d 1015, 1022 (2d Cir.), cert. denied, 479 U.S. 861 (1986); United States v. Guzman, 754 F.2d 482, 489 (2d Cir. 1985), cert. denied, 474 U.S. 1054 (1986).

46

## REQUEST NO. 27

### General Instructions: Variance In
### Dates, Amounts, And Facts Alleged

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Adapted from the charge of the Honorable John S. Martin in United States v. Lawless, S2 96 Cr. 522 (S.D.N.Y. 1997); and the charge of the Honorable Sonia Sotomayor in United States v. Lugo, S2 96 Cr. 521 (S.D.N.Y. 1997).

## **REQUEST NO. 28**

### **Defendant's Testimony**
### *[Requested Only If The Defendant Testifies]*

The defendant, JENNIFER ROWE, testified at this trial.  You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of the case.


Adapted from United States v. Gaines, slip. op. No. 04-5616-cr (2d Cir. July 20, 2006), at 18.

## REQUEST NO. 29

### Defendant's Right Not To Testify
### *[If Requested By The Defendant]*

The defendant, JENNIFER ROWE, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against her may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

## REQUEST NO. 30

### Limiting Instruction: Similar Act Evidence

The Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar or related to that charged in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

Let me discuss that limited purpose:

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons. Thus, you may consider these similar acts in the past in determining whether the defendant had acted with knowledge and intent in this case.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act she must also have committed the acts charged in the Indictment.

> Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 5-25; see United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 31**

**Uncalled Witness: Equally Available To Both Sides**

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendant, or unfavorable to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

Adapted from the charge of the Honorable Kenneth Conboy in United States v. Lew, 91 Cr. 361 (S.D.N.Y. 1991); and Sand, Modern Federal Jury Instructions, Instr. 6-7; see United States v. Erb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

"[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.'  No instruction is necessary where the unpresented testimony would be merely cumulative."  United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted & emphasis in original); see also United States v. Nichols, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to discretion of trial judge; generally discussing applicable standards); United States v. Caccia, 122 F.3d 136 (2d Cir. 1997) (discussing when uncalled witness charge is appropriate).

51

## REQUEST NO. 32

### Charts and Summaries -- Admitted As Evidence
### *[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Sand et al., Modern Federal Jury Instructions, Instr. 5-12.

## REQUEST NO. 33

## Charts And Summaries: Not Admitted As Evidence
### *[If Applicable]*

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from the charge of the Honorable Kevin Thomas Duffy in United States v. Castellano, 84 Cr. 63, aff'd in part and rev'd in part, 811 F.2d 47 (2d Cir. 1987); and Sand, Modern Federal Jury Instructions, Instr. 5-13.

53

## REQUEST NO. 34

### Tape Recordings and Transcripts
### *[If Applicable]*

The Government has offered evidence in the form of tape recordings of conversations which were obtained without the knowledge of the defendant, but with the consent and agreement of a person who was a party to the conversations. Whether you approve or disapprove of the recording of these conversations may not enter into your deliberations. I instruct you that the conversations in this case were lawfully recorded and no one's rights were violated. The use of this procedure to gather evidence is perfectly lawful, and the Government is entitled to use the tape recordings in this case.

The Government has been permitted to hand out a typed document containing an interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than what appeared on the transcript then what you heard is controlling. Let me say again, you, the jury, are the sole judges of the facts.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-9, 5-10.

54

## **REQUEST NO. 35**

### **Testimony Of Law Enforcement Officers**

You have heard testimony of law enforcement officers. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

55

## REQUEST NO. 36

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the

Government or the defendant from the fact that any person other than the defendant is not on

trial here.  You may also not speculate as to the reasons why other persons are not on trial.

Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Honorable Henry F. Werker in <u>United States v. Barnes</u>, 77 Cr. 190 (S.D.N.Y. 1977), <u>aff'd</u>, 604 F.2d 121 (2d Cir. 1979), <u>cert. denied</u>, 446 U.S. 907 (1980).

## REQUEST NO. 37

### Particular Investigative Techniques Not Required
### *[If Applicable]*

You have heard reference, in the testimony and in the arguments of defense counsel in this case, about the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why law enforcement officers used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992); and the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (S.D.N.Y. 1992).

## REQUEST NO. 38

### Accomplice/Cooperating Witness Testimony
### *[If applicable]*

You have heard from [*names of witnesses*] who testified that they were actually involved in planning and carrying out various crimes. There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in various crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. However, it does not follow that simply because a person has admitted participating in one or more crimes, he or she is incapable of telling the truth about what happened.

Like the testimony of any other witness, the testimony of an accomplice witness should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which his or her testimony is or is not

58

corroborated by other evidence in the case.

You may consider whether an accomplice witness -- like any other witness called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about an agreement between the Government and the witnesses. I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause her to lie, or was it one that would cause her to tell the truth? Did this motivation color her testimony?

If you find that the testimony was false, you should reject it. However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it. That is a

determination entirely for you, the jury.

> Adapted from the charge approved in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir.), cert. denied, 409 U.S. 1006 (1972), from the charge of Judge John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 7-5. See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part." (citations omitted)), cert. denied, 444 U.S. 1082 (1980); United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977). See also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## **REQUEST NO. 39**

### **Stipulations Of Testimony**
### *[If Applicable]*

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-7.

## REQUEST NO. 40

### Stipulations Of Fact
### *[If Applicable]*

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, Modern Federal Jury Instructions, Instr. 5-6.

## REQUEST NO. 41

### Preparation Of Witnesses
### *[If Applicable]*

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such advance preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (S.D.N.Y. 1999).

## REQUEST NO. 42

### Character Witnesses
***[Requested Should the Defendant Call Character Witnesses]***

During the course of this trial, there has been testimony that JENNIFER ROWE, the defendant, has a reputation for honesty and integrity in her community. [**If Applicable:** There has also been testimony to the contrary]. That testimony bears on the defendant's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant. Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. [**If Applicable**: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.] The guilt or innocence of a defendant is for you alone to determine, and that should be based on all the evidence you have heard in the case.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-15; and the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

64

## REQUEST NO. 43

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

65

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167 (S.D.N.Y. 1973).  <u>See also</u> <u>United States v. Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:      New York, New York
            August 19, 2008


                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States of
                                   America



                      By:   __/s/_____
                              Edward Y. Kim
                              Glen G. McGorty
                              Assistant United States Attorneys
                              Telephone: (212) 637-2401/2505


66

### <u>AFFIRMATION OF SERVICE</u>

Edward Y. Kim, pursuant to Title 28, United States Code, Section 1746, declares under the penalty of perjury:

I am employed in the Office of the United States Attorney for the Southern District of New York.

On August 19, 2008, I caused to be served by electronic mail one copy of the foregoing GOVERNMENT'S REQUESTS TO CHARGE upon:

David Gordon, Esq.
dgordon772@aol.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  New York, New York
        August 19, 2008


_____/s/_____
Edward Y. Kim